Mary Jo O'Neill, AZ Bar No. 005294, mary.oneill@eeoc.gov
Sally C. Shanley, AZ Bar No. 012251, sally.shanley@eeoc.gov
Katherine Kruse, AZ Bar No. 019127, katherine.kruse@eeoc.gov
Michelle Deutsch, NY Bar No. 3061868, michelle.deutsch@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-4773
Fax: (602) 640-5009



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br>vs.<br>SOUTHWEST TECHNICAL SOLUTIONS, INC. and BAE SYSTEMS SIMULA, INC.,<br>Defendants. | Case No.:<br><br>COMPLAINT<br>(JURY TRIAL DEMANDED) |

**NATURE OF THE ACTION**

This is an action under the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to male employees at rates less than the rates paid to female employees, to correct unlawful employment practices on the basis of sex, female, age, and retaliation, and to provide appropriate relief due to Margaret Chavez, Laura Box and a class of women as a result of such unlawful practices. The Commission alleges that Southwest Technical Solutions, Inc. ("STSI") and Simula (hereinafter "Defendant Employers") paid Ms. Chavez, Ms. Box and a class of women at a wage rate less than the rates paid to its male managers performing similar

work. The Commission also alleges that Simula failed to promote Ms. Chavez because of her sex, female, and age, 58, and failed to convert both Ms. Chavez and Ms. Box to permanent status because of their sex, female, and because of Ms. Chavez's age, 58. Additionally, the Commission alleges that STSI and Simula retaliated against Ms. Box for complaining of sexual harassment and for filing a charge.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d); Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)(the "ADEA"); and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, Phoenix Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the EPA, the ADEA, and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendants, STSI and Simula, have continuously been Arizona corporations doing business in the State of Arizona and the City of Phoenix, and have each continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in industries affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendants have continuously been employers engaged in industries affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h)

7. At all relevant times, Defendant Employers have acted directly or indirectly as employers in relation to employees and have continuously been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant Employers have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and have continuously been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprises have continuously been enterprises whose annual gross volume of sales made or business done is not less than $500,000.

## CONCILIATION

9. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA, the EPA, and Title VII through informal methods of conciliation, conference and persuasion.

## STATEMENT OF TITLE VII CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Margaret Chavez and Laura Box filed charges with the Commission alleging violations of the EPA,

the ADEA, and Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least August 2004, Defendant Employers have engaged in unlawful employment practices at their Phoenix, Arizona facilities, in violation of Section 703(a)(1) and (h) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (h); 42 U.S.C. § 2000e-3(a). These unlawful employment practices include, but are not limited to:

a. Because of their sex, female, Defendant Employers paid Ms. Chavez, Ms. Box and a class of women less than it paid similarly situated male employees;

b. Because of their sex, female, Defendant Simula failed to convert Ms. Chavez and Ms. Box to permanent employees;

c. Because of her sex, female, Defendant Simula failed to promote Ms. Chavez to a lead position; and

d. Because of her sex, female, her complaints of sexual harassment, and her filing a charge with the EEOC, Defendants retaliated against Ms. Box when they failed to convert her to permanent status and then terminated her.

12. The effect of the practice(s) complained of in paragraph 11 above has been to deprive Ms. Chavez, Ms. Box and a class of women of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female, and in Ms. Box's case because she filed a charge with the EEOC.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Ms. Chavez, Ms. Box and a class of women.

**STATEMENT OF EPA CLAIMS**

15. Since at least August 2004, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Margaret Chavez, Laura Box and a class of women at rates less than the rates paid to male employees for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

16. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Ms. Chavez, Ms. Box and a class of women.

17. The unlawful practices complained of in paragraph 14 above were willful.

**STATEMENT OF ADEA CLAIMS**

18. Since at least August 2004, Defendant Simula has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The unlawful employment practices include paying Ms. Chavez less than younger employees, failing to promote Ms. Chavez, and failing to convert Ms. Chavez to permanent status because of her age, 58.

19. The effect of the practices complained of in paragraph 18 has been to deprive Ms. Chavez of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

20. The unlawful practices complained of in paragraph 18 were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with it, from engaging in wage discrimination and in any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining the Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C. Grant a permanent injunction enjoining the Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who complain about discrimination.

D. Grant a permanent injunction enjoining the Defendant Simula, its officers, successors, assigns and all persons in active concert or participation with it, from failing to promote or make permanent employees who are forty years old or older and/or paying them less because of their age and from any other employment practice which discriminates on the basis of age against individuals forty years of age or older.

E. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and individuals 40 years of age and older, which eradicate the effects of its past and present unlawful employment practices.

F. Order Defendant Employers to make whole Ms. Chavez, Ms. Box and a class of women, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful – place reinstatement, or in the alternative front pay.

G. Pursuant to 42 U.S.C. § 1981a(b), order Defendant Employers to make whole Ms. Chavez, Ms. Box and a class of women by providing compensation for past

and future pecuniary losses resulting from the unlawful practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

H. Pursuant to 42 U.S.C. § 1981a(b), order Defendant Employers to make whole Ms. Chavez, Ms. Box and a class of women by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

I. Order Defendant Employers to pay punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

J. Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Ms. Chavez, Ms. Box and a class of women, whose wages are being unlawfully withheld as a result of the acts complained of above.

K. Grant such further relief as this Court deems necessary and proper in the public interest.

L. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 29th day of August, 2007.

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
1801 L Street, NW
Washington, D.C. 20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/ Sally C. Shanley
SALLY C. SHANLEY
Acting Supervisory Trial Attorney

s/ Katherine J. Kruse
KATHERINE J. KRUSE
Trial Attorney

s/ Michelle T. Deutsch
MICHELLE T. DEUTSCH
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff