IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Southwest Technical Solutions, Inc. and BAE Systems Simula, Inc.,<br><br>　　　　Defendants. | No. CV 07-1656-PHX-ECV<br><br>**ORDER** |

Pending before the court is the Motion to Compel Medical and Employment Records Releases (Doc. #67) filed by Defendant BAE Systems Simula, Inc. ("BAE") on October 10, 2008. Plaintiff filed a Response (Doc. #71) in opposition to the motion on October 30 and BAE filed a Reply on November 10.[1]

BAE asks the court to compel Plaintiff EEOC to provide medical and employment records for Margaret Chavez, a real party in interest, and Christine Hansen, one of a class of female employees referenced in the complaint, by having them sign release forms. The complaint alleges that BAE has engaged in unlawful employment practices since at least

---

[1] Plaintiff has requested an oral argument on the motion. The court has the discretion to grant or deny a request for oral argument. See LRCiv. 7.2(f). Here, upon review of the motion, the response and reply, the court finds that an oral argument would not assist it in reaching a decision. The written filings provide sufficient information for the court to issue a ruling.

1  2004 by, among other things, paying Ms. Chavez, Ms. Hansen and other female employees
2  less than it paid similarly situated male employees. Doc. #1 at 4-5. As to Ms. Chavez, the
3  complaint further alleges that BAE failed to convert her to a permanent employee and failed
4  to promote her to a lead position. Id. Among the requests for relief, Plaintiff asks the court
5  to award compensatory damages, including "past and future pecuniary losses" and
6  compensation for "emotional pain, suffering, inconvenience, mental anguish, and loss of
7  enjoyment of life." Doc. #1 at 6-7.
8  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to
9  any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevant evidence need not be
10 admissible in order to be disclosed. Id. Relevance for discovery purposes is construed
11 broadly and encompasses "any matter that bears on, or that reasonably could lead to other
12 matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc.
13 v. Sanders, 437 U.S. 340, 351 (1978).

**1.    Medical Records**

15 The medical records of Ms. Chavez and Ms. Hansen are relevant to BAE's defenses
16 of the claims for emotional distress. As BAE states in its motion, medical records may
17 reveal, among other things, other conditions that caused or contributed to emotional distress
18 and whether emotional distress was ever reported to a healthcare provider. Plaintiff has not
19 demonstrated that the records are privileged in light of the fact that Ms. Chavez and Ms.
20 Hansen put medical information at issue by asserting claims for emotional distress.
21 The court is mindful of the privacy concerns that arise with the disclosure of personal
22 medical records to opposing counsel. The court notes, however, that the parties have agreed
23 to enter a confidentiality stipulation, thus reducing the risk of any improper use or disclosure
24 of the information in the records. Further, Plaintiff has not presented the court with any
25 specific privacy concerns regarding the disclosure of these medical records. Under these
26 circumstances, the court finds that compelling Plaintiff to return the signed medical releases

1  is appropriate.[2] BAE's motion with respect to the medical records will, therefore, be granted.
2  The court will require, however, that the medical records releases be limited to the last five
3  years.

### 2. Employment Records

With respect to employment records, BAE has withdrawn its request for Ms. Hansen to execute an employment records authorization because BAE has received those records in response to a subpoena. Doc. #75 at 2, n.3. Thus, the discussion of the employment records relates only to the request for an executed release from Ms. Chavez.

Like the medical records, Ms. Chavez's employment records are relevant to BAE's defenses. For example, her prior employment experience may explain a pay differential at BAE. Information in her prior employment records may also be relevant to why Ms. Chavez was not converted to a permanent employee. The records may be relevant to any number of issues and Plaintiff has presented no valid reason to prevent BAE from obtaining them.

BAE notes that it agreed to limit the request for employment records to the five years preceding Ms. Chavez's employment with BAE. The court will impose that limitation. Additionally, BAE has not explained how Ms. Chavez's educational records or tax records are relevant to the issues in the case. The court has not considered those items as part of the motion to compel and therefore the release form should be modified to eliminate the request for educational and tax records. With these limitations, BAE's motion to compel Plaintiff to provide a signed employment records release from Ms. Chavez will be granted.

### 3. Attorneys' Fees

The court disagrees with Plaintiff's argument that its position in refusing to provide the requested records is "substantially justified." See Fed. R. Civ. P. 37(a)(5)(A)(ii). In an employment discrimination case seeking damages for emotional distress, it's hard to imagine

---

[2] Plaintiff's contention that Rule 34 is an improper method of seeking signed medical releases for the records is without merit. The argument elevates form over substance, especially in light of BAE's offer to submit the request for signed releases through other means, which, according to BAE, Plaintiff rejected.

- 3 -

1  a scenario in which medical and employment records would not be discoverable. The e-mail
2  correspondence between the lawyers for BAE and Plaintiff shows several good faith attempts
3  by counsel for BAE to resolve this dispute and little in the way of reciprocal efforts by
4  counsel for Plaintiff. For these reasons, the court finds that pursuant to Rule 37(a)(5)(A) of
5  the Federal Rules of Civil Procedure, attorneys' fees in the amount of $4,104.00 are
6  appropriate and shall be awarded to BAE.

**IT IS THEREFORE ORDERED:**

That the Motion to Compel Medical and Employment Records Releases (Doc. #67) is **granted**, with the limitations set forth in the body of the order; and

That pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, Plaintiff shall pay BAE attorneys' fees in the amount of $4,104.00.

DATED this 25th day of November, 2008.

Edward C. Voss
United States Magistrate Judge